J-S04029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORI FLAHERTY | : | |
| | : | |
| Appellant | : | No. 1042 MDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000596-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LORI FLAHERTY | : | |
| | : | |
| Appellant | : | No. 1043 MDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000451-2016

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                **FILED MARCH 29, 2018**

Appellant, Lori Flaherty, appeals from the Judgment of Sentence entered in the Huntingdon County Court of Common Pleas following her *nolo contendere* pleas to Theft by Unlawful Taking and Driving Under the

Influence of a Controlled Substance of Metabolite ("DUI").[1]   She challenges the trial court's denial of her motions to withdraw her *nolo contendere* pleas. We affirm.

We need not recite the facts underlying Appellant's crimes for our disposition.   On January 12, 2017, Appellant entered pleas of *nolo contendere* to the charges.   Pursuant to a negotiated plea bargain, the court sentenced her, *inter alia*, to a county intermediate punishment program for a period of 36 months for the DUI and 90 days of house arrest with electronic monitoring.[2]

On January 20, 2017, Appellant filed Post-Sentence Motions to withdraw her *nolo contendere* pleas contending that she is innocent of the charges.  The court denied the Motions on May 30, 2017.

Appellant filed a timely Notice of Appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In each of her Pa.R.A.P. 1925(b) Statements, Appellant raised the following sole issue: "Whether the trial court erred in denying [Appellant's] post-sentence motion to withdraw her plea of *nolo contendere* where [Appellant] asserts her innocence."

---

[1] 18 Pa.C.S. § 3921(a); 75 Pa.C.S. § 3802(d)(1), respectively.

[2] Appellant did not receive any further penalty for Theft by Unlawful Taking.

In her Brief submitted to this Court, however, Appellant raises only the following issue for our review in both cases: "Whether the trial court erred in denying [Appellant's] post-sentence motion to withdraw her *nolo contendere* pleas where the colloquy did not comport with the minimum requirements of Pa.R.Crim.P. 590." Appellant's Brief at 6.

Our jurisprudence establishes that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; **any issues not raised in a Rule 1925(b) statement will be deemed waived**[.]" *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). "[T]he courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" *Id.* "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Appellant did not raise the issue asserted in her Brief in her Rule 1925(b) statements.[3] The issue is, thus, waived. *See id.* Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

_____

[3] In fact, in its Rule 1925(a) Opinion, the trial court addressed only the issue raised in Appellant's Rule 1925(b) Statements, concluding that "the assertion of innocence alone is not sufficient to mandate the granting of a request to withdraw a plea after sentencing." Trial Ct. Op., 8/15/17, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/29/2018